## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO._____

| | |
|---|---|
| WENDY SHATTIL and | ) |
| ROBERT ROZINSKI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN EAGLE RADIATORS, INC., | ) |
| AMERICAN EAGLE RADIATORS, LTD. | ) |
| LIMITED LIABILITY COMPANY, | ) |
| ROBERT CLOKE, CID MARTIN, | ) |
| and JOHN DOES 1-10. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

## JURISDICTION AND VENUE

1.

This action arises under the Federal Copyright Act of 1976, as amended, at 17 U.S.C. §

101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2.

This Court has personal jurisdiction over Defendants American Eagle Radiators,

Inc., American Eagle Radiators, Ltd. Limited Liability Company, Robert Cloke, Cid Martin,

and John Does 1-10 (collectively, "Defendants") because a substantial part of the events

occurred in this district, Defendants may be found in the district, and Defendants acts have

been directed at Plaintiffs who are domiciled in this district..

3.

Venue is proper under 28 U.S.C. §§ 1391(b)(2) and (c), and 1400(a).

THE PARTIES TO THIS COMPLAINT

4.

Plaintiff Wendy Shattil and Plaintiff Robert Rozinski (together "Plaintiffs") are

individuals who reside, and at all relevant times did reside, in Denver, Colorado.

5.

Plaintiffs are full-time professional photographers specializing in nature and wildlife

photography, provide their professional photography services through Shattil/Rozinski

Photography, LLC, and license their photographs through their website located at

http://dancingpelican.com and other outlets.

6.

Defendant American Eagle Radiators, Inc.'s principal place of business is at 32373

Corydon St., Lake Elsinore, CA 92530.  Defendant Radiators, Inc. may be served through its

registered agent, Cid Martin, at 41350 Calle Bandido, Murrieta, CA 92562.

7.

Defendant American Eagle Radiators, Ltd. Limited Liability Company's principal place

of business is at 32373 Corydon Street, Lake Elsinore, CA 92530.  Defendant Radiators, Ltd.

Limited Liability Company may be served through its registered agent, Robert Cloke,  at 29290

Fall River Lane, Minafee, CA 92584.

8.

On information and belief, Defendant Cloke is a member of Defendant Radiators, Ltd.

Limited Liability Company and an officer of Defendant Radiators, Inc.  Defendant Cloke may be

served at 29290 Fall River Lane, Minafee, CA 92584.

9.

On information and belief, Defendant Martin is a member of Defendant Radiators, Ltd.

Limited Liability Company and an officer of Defendant Radiators, Inc. Defendant Martin may be

served at 41350 Calle Bandido, Murrieta, CA 92562.

10.

Plaintiffs do not know the true names of defendants John Does 1 through 10, inclusive,

and therefore sue them by those fictitious names.  Plaintiffs are informed and believe and, on the

basis of that information and belief, allege that each of those John Does 1 through 10 was in

some manner liable for Plaintiffs' claims and proximately caused Plaintiffs' damages complained

of here.

<u>FACTS</u>

11.

In 1980, Plaintiff Rozinski took a photograph of an eagle, shown below (the

"Photograph").



12.

The Photograph is an original work of authorship, fixed in a tangible medium of

expression from which it can be perceived, reproduced, or otherwise communicated, either

directly or with the aid of the machine or a device, and is original, distinctive, and unique in

perspective, orientation, positioning, and lighting.  As such, the Photograph is subject

matter protectable under the Copyright Act.

13.

Plaintiff Rozinski has assigned to Plaintiff Shattil joint ownership to all rights, title,

and interest in and to the copyright to the Photograph.

14.

Plaintiffs have at all times included their copyright notice on or proximate to the

Photograph wherever the Photograph was published with authority.

15.

In 2012, Plaintiffs discovered that Defendants had reproduced, had created a derivative

work, and were displaying and distributing the Photograph on Defendants' website at

www.americaneagleradiator.com ("Website"), such as that shown below and marked by the red

arrows:



16.

Defendants also distributed Plaintiffs' Photograph to third parties for their display and

distribution, such as that shown below:



http://www.ebay.com



http://www.championradiators.net



http://www.monstercooling.com



http://www.justparts.com



http://www.amazon.com



http://www.racewayparts.com

17.

Defendants did not have authorization from Plaintiffs or the law to reproduce, display,

distribute or create a derivative work of the Photograph.

18.

Defendants had access to the Photograph by way of Plaintiffs' website,

www.dancingpelican.com.  The photograph as used by Defendants is substantially similar to

Plaintiff's Photograph.

19.

On February 28, 2013, Plaintiffs through their attorney sent a letter to Defendant

Radiators, Inc., Defendant Radiators, Ltd. and Defendant Cloke, giving notice that Defendants'

reproduction, display, and distribution of the Photograph was unauthorized and demanded that

Defendants account for and stop all uses of the Photograph, specifically stating: "it is hereby

requested that American Eagle . . . Immediately cease and desist from all unlicensed use of the

[Photograph], including removal of the [Photograph] from the website(s), deletion of all digital

copies of the [Photograph] from company computers and digital storage devices, destruction of

packaging material having the [Photograph] thereon, and destruction of any hard copies of [the

Photograph] maintained in company files or elsewhere."

20.

As of the date of the filing of this lawsuit, Defendants continued to reproduce, display,

and distribute the Photograph at http://www.americaneagleradiator.com/aer_11-26-10_003.htm

(as shown below) at least through to May 1, 2013, despite Plaintiff's notice to Defendants to

cease use of the Photograph.



21.

Defendants were non-responsive to Plaintiff's offer of settlement and offers to resolve

Plaintiff's claims without placing a burden on the legal system.

22.

Plaintiffs have complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101

*et seq.*, as amended, and all other laws and regulations governing copyrights, and have secured

the exclusive rights and privileges in and to the copyright for the Photograph.  The Register of

Copyrights for the U.S. Copyright Office issued Plaintiffs a Certificate of Registration for the

copyright to the Photograph, number VA 451-671, effective February 12, 1991, as shown below:



FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*)

23.

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 22 above.

24.

Beginning in or about 2010, Defendants created, reproduced, created a derivative work of, displayed, and distributed publically the Photograph without authorization of Plaintiffs or the law (the "Infringement").

25.

Defendants have not compensated Plaintiffs for the Infringement.

26.

Defendants' conduct violates the exclusive rights belonging to Plaintiffs as owners of the copyrights of the Photograph, including without limitation, Plaintiffs' exclusive rights under 17 U.S.C. § 106.

27.

As Defendants reproduced, displayed, and distributed Plaintiffs' Photograph as late as February 2013, Plaintiffs' claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

28.

As a direct and proximate result of its wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs for the

Photograph.  Accordingly, Plaintiffs seek an award of actual damages and profits plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(b) and 505.

29.

In the alternative, Plaintiffs are entitled to and seeks statutory damages for the Infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

30.

The Infringement by Defendants is willful and performed with knowledge that the reproduction, display, creation of derivative work and distribution of the Photograph was unauthorized, including Defendants' continued use of the Photograph after Plaintiffs gave notice of the infringement to Defendants; Plaintiffs are therefore entitled to the recovery of enhanced statutory damages pursuant to U.S.C. § 504(c)(2).

SECOND CAUSE OF ACTION

(Contributory Copyright Infringement by Defendants)

31.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 above.

32.

Defendants, without the authority of Plaintiffs or the law and in violation of 17 U.S.C. § 101, *et. seq.*, infringed contributorily by intentionally inducing, encouraging, causing, and materially contributing to the direct infringement of the Photograph by others by distributing the Photograph to third parties for their reproduction, display, and distribution without the authorization of Plaintiffs or the law.

33.

Defendants are contributorily liable because they knew of or should have known of their

possession of infringing material and failed to purge such material from their possession.

34.

Defendants infringed contributorily by knowingly taking steps that were substantially

certain to result in the infringement of the Photograph.

35.

As a direct and proximate result of Defendants' contributory infringement, Plaintiffs have

suffered damages and so are entitled to the remedies set forth under 17 U.S.C. §§ 504 and 505.

THIRD CAUSE OF ACTION

(Vicarious Copyright Infringement of Cid Martin)

36.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 above

37.

As a member of Defendant Radiators, Ltd. Limited Liability Company and an officer of

Defendant Radiators, Inc., Defendant Martin had the right and ability to supervise or control the

activity related to the Infringement, including the ability to control or stop the Infringement.

38.

As a member of Defendant Radiators, Ltd. Limited Liability Company and an officer of

Defendant Radiators, Inc., Defendant Martin received a direct financial benefit from the

Infringement.

39.

As such, Defendant Martin is vicariously liable for the Infringement.

40.

As a direct and proximate result of Defendant Martin's vicarious liability for the

Infringement, Plaintiffs have suffered damages and so are entitled to the remedies set forth in 17

USC §§ 504 and 505.

## FOURTH CAUSE OF ACTION

(Vicarious Copyright Infringement of Robert Cloke)

41.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 above.

42.

As a an member of Defendant Radiators, Ltd. Limited Liability Company, Defendant

Cloke had the right and ability to supervise or control the activity related to the Infringement,

including the ability to control or stop the Infringement.

43.

As an member of Defendant Radiators, Ltd. Limited Liability Company, Defendant

Cloke received a direct financial benefit from the Infringement.

44.

As such, Defendant Cloke is vicariously liable for the Infringement.

45.

As a direct and proximate result of Defendant Cloke's vicarious liability for the

Infringement, Plaintiffs have suffered damages and so are entitled to the remedies set forth in 17

USC §§ 504 and 505.

## FIFTH CAUSE OF ACTION

(Violations of the Digital Millennium Copyright Act – 17 U.S.C. §§ 1201 *et seq.*)

46.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 above.

47.

The copyright notice posted on and adjacent to the Photograph ("© Shattil/Rozinski")

constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(1), (2) and (3).

48.

Without the authority of Plaintiffs or the law, Defendants intentionally removed and

altered Plaintiffs' copyright management information and distributed the Photograph, knowing

that Plaintiffs' copyright management information had been removed or altered, and knowing or

having reasonable grounds to know that such removal or alteration would induce, enable,

facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

49.

When a viewer would "right-click" on the Photograph displayed on the Website,

Defendants caused to be posted the notice "Copyright (C) 2010 American Eagle. All Rights

Reserved" ("Defendants' Notice") as shown below:



50.

Defendants' Notice constitutes copyright management information pursuant to 17 U.S.C.

§ 1202(c)(1), (2) and (3).

51.

Defendants, without the authority of Plaintiffs or the law, knowingly and with the intent

to induce, enable, facilitate, or conceal infringement provided copyright management

information that is false and distributed copyright management information that is false, in

violation of 17 U.S.C. § 1202(a).

52.

As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have

suffered damages and so are entitled to the remedies set forth under 17 U.S.C. § 1203.

53.

Specifically, Plaintiffs are entitled to and seek actual damages pursuant to 17 U.S.C. §

1203(c)(2).

54.

In the alternative, Plaintiffs are entitled to and seek statutory damages pursuant to 17

U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. §

1203(b)(4-5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Wendy Shattil and Robert Rozinski pray that this Honorable

Court:

1.  Order that Defendants' unauthorized conduct violates Plaintiffs' rights under

    the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2.  Order Defendants to account to Plaintiffs for all gains, profits, and

    advantages derived from the unauthorized use of the Plaintiffs' Photograph;

3.  Award Plaintiffs all profits and damages in such amount as may be found

    pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate)

    for the infringements of Plaintiffs' copyright in the Plaintiffs' Photograph;

    alternatively, maximum statutory damages in the amount of $30,000 for each

infringement pursuant to 17 U.S.C. § 504(c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4.    Alternatively, award Plaintiffs maximum statutory damages in the amount of $150,000 for each unauthorized violation of 17 U.S.C. § 106 pursuant to 17 U.S.C. § 504(c)(2), or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5.    Award Plaintiffs actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(2) (with interest thereon at the highest legal rate); or such other amount as may be proper pursuant to 17 U.S.C. 1203;

6.    In the alternative, if Plaintiffs so elect, award Plaintiffs maximum statutory damages in the amount of $25,000 for each unauthorized violation of 17 U.S.C. § 1202 pursuant to 17 U.S.C. § 1203(c)(3)(B), or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

7.    Award Plaintiffs their costs of litigation, reasonable attorneys' fees and disbursements in this action, pursuant to 17 U.S.C. §§ 505 and 1203;

8.    Award Plaintiffs prejudgment interest in an amount to be determined at trial;

9.    Enter preliminary and permanent injunctions providing that Defendants shall deliver to Plaintiffs all copies of the infringing works, and all other materials containing such infringing copies in Defendants' possession, custody or control, for destruction; Enter preliminary and permanent injunctions

providing that Defendants shall deliver to Plaintiffs an accounting identifying each recipient of any infringing works;

10.     Enter preliminary and permanent injunctions enjoining Defendants from engaging in any further acts of copyright infringement of Plaintiffs' Photograph; and

11.     For such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all of the foregoing counts.

This __11th__ day of __June__, 2013.

Respectfully submitted,

Carolyn E. Wright, Esq.
LAW OFFICE OF CAROLYN E. WRIGHT, LLC
carolyn@photoattorney.com
P.O. Box 430
Glenbrook, NV 89413
(775) 589-2229 (telephone)
(775) 580-7322 (facsimile)
*Attorney for Plaintiffs*